```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JOHN BARAN,                                    :
                        Plaintiff              :
                                               :
        -against-                              :
                                               :        **SUMMARY ORDER**
HOME DEPOT U.S.A., INC.,                       :        16-cv-03000 (DLI)(CLP)
                                               :
                        Defendant.             :
-----------------------------------------------------------------x
```

**DORA L. IRIZARRY, Chief United States District Judge:**

On June 9, 2016, defendant Home Depot U.S.A., Inc. ("Defendant") filed a notice to remove this action from the Supreme Court for the State of New York, Queens County to this Court (the "Notice," Dkt. Entry No. 1). For the reasons set forth below, this case is remanded to the state court, *sua sponte*.

## BACKGROUND

On December 17, 2015, plaintiff John Baran ("Plaintiff") commenced this state court action against Defendant, alleging negligence and breach of duty arising out of a personal injury that occurred in one of Defendant's New York premises. Notice at ¶ 2. According to the Notice, Plaintiff commenced the action by filing the summons and complaint (the "Complaint"). *Id.* Plaintiff served the Complaint on Defendant on December 24, 2015 via the Secretary of State of New York. *Id.* at ¶ 3. Defendant filed a verified answer on February 26, 2016. *Id.* at ¶ 4.

Defendant asserts federal subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1332 and claims removal is proper under 28 U.S.C. § 1441. *Id.* at ¶ 12. As to the complete diversity requirement, Defendant alleges that Plaintiff is a resident of New York and Defendant is a corporation "duly organized and existing pursuant to the laws of" Delaware, with its principal office in Georgia. *Id.* at ¶ 8, 9. Regarding the amount in controversy, on May 20, 2016, Defendant

1

served Plaintiff with a Notice to Admit requesting that Plaintiff admit to seeking more than $75,000 in this matter exclusive of costs and interests. *Id.* at ¶ 6. Defendant asserts that Plaintiff objected to the Notice to Admit without setting forth a reason for the objection, and, because the time by which Plaintiff must respond to the Notice to Admit expired, Plaintiff therefore admits that the amount in controversy exceeds $75,000. *Id.*

Curiously, the Notice does not actually state that the face of the Complaint fails to allege a damages amount. *See generally Id.* However, the assertion that Plaintiff failed to respond to the Notice to Admit is intended to convey that Plaintiff has not announced the amount of damages he seeks in any pleading, including the Complaint. Furthermore, a review of the Complaint itself reveals that it does not state an amount of damages. *See generally* Compl., Ex. A to Notice, Dkt. Entry No. 1. Plaintiff has not filed a motion for remand. *See* Docket.

## **DISCUSSION**

As a threshold matter, the Court first must address whether it may remand this case to the state court *sua sponte*, absent a motion from Plaintiffs. The relevant statute, 28 U.S.C. § 1447(c) states, in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. *Id.*

The Second Circuit has construed this statute as authorizing district courts to remand a case *sua sponte* under two circumstances. First, if the district court remands the case on procedural grounds, it must do so within 30 days of the filing of the notice of removal. *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006) (citing *Hamilton v. Aetna Life and Cas. Co.*, 5 F.3d 642, 644 (2d Cir.1993)). Alternatively, *sua sponte* remand is proper at any time if the district court finds that it does not possess subject matter jurisdiction. *Id.* at 133-34

(citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534 (1986)). The Court finds that, in this case, remand is proper on both procedural grounds, and for lack of subject matter jurisdiction.

*(A) Subject Matter Jurisdiction*

As the removing party, Defendant has the burden of proving that this case exceeds the jurisdictional amount in controversy. *Lupo v. Human Affairs Intern., Inc.*, 28 F.3d 269, 273 (2d Cir.1994). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.* at 273-74. The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *In re Fosamax Products Liab. Litig.*, 2013 WL 603187, at *2 (S.D.N.Y. Feb. 14, 2013) (citing *Somlyo v. J. Lu–Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir.1991)).

Defendants cannot meet their burden in this case by relying on the face of the Complaint, because the Complaint does not allege a damages amount. In order for there to be diversity jurisdiction, the Notice must "allege facts adequate to establish the amount in controversy . . . ." *Santamaria v. Krupa*, 2015 WL 6760140, at *2 (E.D.N.Y. Nov. 5, 2015) (citing *Lupo*, 28 F.3d at 273). Here, the Notice does not allege any facts concerning the amount in controversy. Rather, Defendant relies on the unsupported argument that, because Plaintiff failed to properly respond to the Notice to Admit, he therefore "admitted" that the amount in controversy exceeds $75,000. In another case from this district with nearly identical facts, the court found that a plaintiff's silence regarding the amount in controversy does not relieve a defendant from the burden of setting forth facts in the Notice that establishes the jurisdictional amount, as is the case here. *See Santamaria*, 2015 WL 6760140, at *2 (E.D.N.Y. Nov. 5, 2015). Accordingly, because Defendant failed to

meet its burden, the Court lacks subject matter jurisdiction over this case.

*(B) Removal is Untimely Under 28 U.S.C. § 1446(b)*

Section 1446(b) states in relevant part that "the notice of removal in a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." *Id.* However, "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (citing *In re Willis*, 228 F.3d 896, 897 (8th Cir.2000) (per curiam)).

Here, Defendant received the initial pleading on December 24, 2015 and more than 30 days have elapsed since. Based on the Notice's allegations, as well the Complaint itself, the Court also concludes that Plaintiff has not served Defendant with any court papers that specify the amount of damages sought. Nevertheless, on June 9, 2016, Defendant filed a notice of removal based on diversity jurisdiction.

In two other cases from this district with similar facts, the court found that *Moltner* compelled remand on timeliness grounds. *See Santamaria*, 2015 WL 6760140, at *2 (E.D.N.Y. Nov. 5, 2015); *Kum v. Walcott*, 2012 WL 4772072, at *1 (E.D.N.Y. Oct. 5, 2012). In both *Santamaria* and *Kum*, plaintiffs did not file a pleading or other paper setting forth the amount of damages sought, so the "removal clock" never began to run. *Santamaria*, 2015 WL 6760140, at *3 (E.D.N.Y. Nov. 5, 2015); *Kum*, 2012 WL 4772072, at *1 (E.D.N.Y. Oct. 5, 2012) (quoting *Moltner*, 624 F.3d at 38). Therefore, the courts in *Santamaria* and *Kum* found the defendants' notices of removal untimely under Section 1446(b), because such removal was premature. *Id.*

The Court agrees with the construction of *Moltner* vis-à-vis *Santamaria* and *Kum*.

Accordingly, the Court finds Defendant's Notice premature and untimely under Section 1446(b). Therefore, per *Mitskovski*, the Court properly may remand this case on procedural grounds, *sua sponte*, because less than 30 days have passed since Defendant filed the Notice. *Mitskovski*, 435 F.3d at 131.

## **CONCLUSION**

For the reasons set forth above, this case is remanded to New York State Supreme Court, Queens County, under Index No. 713010/2015.

SO ORDERED

Dated: Brooklyn, New York
      June 10, 2016

/s/
Dora L. Irizarry
Chief United States District Judge